UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:22 MJ 7338 SPM |
| | ) | |
| JIMMIE JEROME JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1.  The defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). *See* 18 U.S.C. § 3142(f)(1)(C).

2.  The defendant is charged with an offense that involves the possession of a firearm. *See* 18 U.S.C. § 3142(f)(1)(E).

## Presumption of Detention

3.  The defendant is charged with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), conspiracy to distribute and possess with the intent to distribute a controlled substance in violation of Title 21, United States Code, Section 841(a)(1). *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

4.  The defendant is also charged with an offense under Title 18, United States Code, Section 924(c). *See* 18 U.S.C. 3142(e)(3)(B).

5.  The charges trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

## The Nature and Circumstances of the Offense

6.  Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or a firearm. The offense with which the defendant is charged involves the possession of multiple firearms and the possession of controlled substances, therefore, the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

7.  Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong.

8.  Much of the evidence against the defendant is outlined in detail in the sworn Complaint Affidavit which is incorporated herein by reference. There is detailed video footage of the defendant repeatedly in the possession of firearms and selling and packaging narcotics.

Additionally, there is significant evidence that the defendant was an accessory after the fact to the homicide of Andre Nash who was murdered while trying to collect a drug debt.

## The History and Characteristics of the Defendant

9.     Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

10.    While the defendant appears to have significant community ties, the defendant's past conduct weighs against release to ensure the safety of the community.

11.    On May 6, 2009, the defendant was convicted of tampering first degree and felony resisting arrest. The defendant received a sentence of probation, however, violated the conditions of his supervision by committing another felony offense. On March 18, 2010, the defendant's probation was revoked, and he was sentenced to two years in prison.

12.    On June 22, 2010, the defendant was convicted of tampering first degree and felony resisting arrest and was sentenced to three years in prison.

13.    On September 12, 2012, the defendant was convicted of burglary first degree, resisting arrest, and property damage second degree. He was sentenced to 8 years imprisonment on the burglary first charge and imposition of sentence was suspended. The defendant violated the terms of his supervision and on March 1, 2013, after hearing, the defendant's probation was continued. The defendant again violated the terms of his supervision and on September 6, 2013, the defendant's probation was revoked. The defendant's 8 year sentenced was ordered executed, however, the defendant was ordered released from incarceration on January 16, 2014. On May 9,

2014, the defendant was arrested and found in possession of two firearms, violating the terms of his supervision. On June 17, 2014, the defendant was arrested for sale of a controlled substance and possession of a firearm. On January 23, 2018, the court discharged the defendant from probation because he had "been in custody at the St. Louis County Jail for the [preceding] 2 years."

14. The defendant was also arrested in 2014 for burglary second degree and theft.

15. The defendant was arrested for possession of a controlled substance in August 2015.

16. On January 29, 2018, the defendant was convicted of receiving stolen property, property damage first degree, tampering first degree, tampering first degree, and assault on a law enforcement officer. The defendant was sentenced to five years in prison.

17. In 2018, the defendant was charged with murder first degree, murder second degree, robbery first degree and armed criminal actions for a double homicide that occurred on May 18, 2020. The homicides were drug related. Cash and narcotics were stolen at the time the two victims were shot. While the case was ultimately dismissed, there is significant evidence of the defendant's involvement in the murders.

18. As detailed in the complaint affidavit, the defendant actively participated in the murder of Andre Nash by assisting in the clean up after the murder occurred.

19. The defendant has a significant history of possessing firearms and engaging in the sale of narcotics. He also has history of fleeing from the police and a prior conviction for assaulting a law enforcement officer.

### The Nature and Seriousness of the Danger to the Community

20. The nature and seriousness of the danger to the community is great.

21. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

22. The defendant has a history of failing to comply with conditions of release and fleeing from police officers. There is no reason to believe that the defendant would appear in court as required under the circumstances.

### Conclusion

23. The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

Respectfully submitted,
SAYLER A. FLEMING
United States Attorney

*/s/ Jeannette S. Graviss*
JEANNETTE S. GRAVISS, #44483(MO)
Assistant United States Attorney